Plaintiff sues to recover certain cattle purchased by the defendant, Nugent, at a succession sale, in which said cattle were sold as belonging to the Succession of P.F. Smith. Writs were issued under which the cattle were sequestered.
Plaintiff's claim of ownership of the cattle is based upon his contention that he acquired 19 head of cattle from P.F. Smith, his uncle, at a price of $20 per head, several weeks prior to the death of P.F. Smith on October 25, 1941. The cattle involved in this suit are claimed by plaintiff as being a part of the 19 head purchased as above set forth.
Defendant claims ownership of the cattle by virtue of purchase from the administrator of the Succession of P.F. Smith, deceased, at public auction on March 6, 1943.
It is admitted by plaintiff that he did not pay the purchase price for the cattle in cash, but that he agreed to allow credit upon a certain mortgage note of P.F. Smith. The note in question was dated March 28, 1930, for the sum of $1,800.
The case was tried by the Honorable R.W. Oglesby sitting as Special Judge in place of the Honorable Cas Moss, District Judge, recused, and there was judgment rejecting plaintiff's demands and dismissing the suit. *Page 360 
The determination of this case rests squarely upon a question of fact as to the ownership of the cattle. There was a violent conflict of evidence as to the circumstances surrounding the alleged sale. A number of witnesses testifying on behalf of plaintiff swore that P.F. Smith had made statements on various occasions that he had sold his cattle to P.W. Smith, his nephew. About the same number of witnesses testified on behalf of defendant and were equally as positive and emphatic that P.F. Smith had stated on numerous occasions a short while prior to his death that the cattle belonged to him, and that he did not want Pete W. Smith to get possession of the cattle after his death.
It is well-established that appellate courts will not disturb findings of fact as made by trial courts, except in instances where there has been manifest error. We find no such error in this case. The trial judge saw the witnesses, heard them testify, and by his judgment held as a fact that P.F. Smith had not divested himself of ownership of the cattle, and that the sale of the administrator of the Succession of P.F. Smith to the defendant was valid and served to convey good title.
An examination of the record convinces us of the correctness of the judgment. Circumstances surrounding the disputed transaction are more corroborative of defendant's contentions than of those of plaintiff.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost. *Page 514